IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IFTIKAR AHMED MEMON,

    Plaintiff,

v.

CHIPPEWA VALLEY TECHNICAL COLLEGE,

    Defendant.

ORDER

14-cv-243-jdp[1]

---

Plaintiff Iftikar Ahmed Memon has brought this action against defendant Chippewa Valley Technical College for its refusal to interview him after he applied for a position as an associate dean. On May 14, 2014, Tam Burgau, the college's human resources director, filed a letter response to the complaint on behalf of defendant, asking that the case be dismissed. However, Burgau does not appear to be a licensed attorney.

Under Federal Rule of Civil Procedure 11, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." As opposed to individuals, who may represent themselves in federal litigation, artificial entities may appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("the rationale for [requiring corporation to appear by an attorney] applies equally to all artificial entities."); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003) (applying rule to non-profit corporation); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002) (limited liability

---

[1] This case was reassigned to me pursuant to a May 21, 2014 administrative order. Dkt. 7.

1

company). Thus, defendant's motion to dismiss has not been properly filed because it is not signed by an attorney.

*Kipp*, 209 F. Supp. 2d 962, involved a situation similar to this one. After the defendant limited liability company filed an answer that was signed by an individual who was not an attorney, the court treated the answer as unsigned, gave the defendant a chance to file another answer signed by counsel and warned the defendant that failure to comply with its order would result in entry of default. *Id.* at 963. I conclude that this is the appropriate course of action in this case. Therefore, I will give defendant until June 16, 2014 to retain counsel and file a new answer or motion under Federal Rule of Civil Procedure 12. If, by then, defendant does not file a response signed by counsel, I will ask the clerk to enter default against it pursuant to Federal Rule of Civil Procedure 55(a).

## ORDER

IT IS ORDERED that defendant Chippewa Valley Technical College may have until June 16, 2014, in which to file an answer or motion that complies with Fed. R. Civ. P. 11(a). If defendant fails to file a proper response by June 16, 2014, the clerk of court is directed to enter default against it.

Entered this 27th day of May, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge