IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IFTIKHAR AHMED MEMON,

                Plaintiff,

v.

CHIPPEWA VALLEY TECHNICAL COLLEGE,

                Defendant.

OPINION and ORDER

14-cv-243-jdp

---

Plaintiff Iftikhar Ahmed Memon has brought this action alleging that defendant Chippewa Valley Technical College violated Title VII of the Civil Rights Act and the Age Discrimination in Employment Act by discriminating against him based on his race, age, national origin, and religion when it refused to interview him for a position as associate dean of business.[1] Currently before the court are: defendant's motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) and stay the schedule pending resolution of that motion; as well as a multi-part motion filed by plaintiff. After considering the parties' submissions, I will deny defendant's motion to dismiss and deny plaintiff's motion. Also, given that the motion to dismiss will be resolved in this order, I will construe defendant's motion to stay the schedule as a motion to amend it. I will grant that motion and set an amended schedule for the case.

---

[1] In its motion, defendant characterizes plaintiff's complaint as including discrimination claims based on age, religion, and national origin. From plaintiff's complaint and the attached Equal Employment Opportunity Commission decision, I understand the complaint to include a claim for race discrimination as well. This discrepancy does not affect the reasoning in this opinion.

1

MOTION TO DISMISS

In its motion to dismiss, defendant argues that (1) the complaint fails to properly allege claims for relief; (2) plaintiff has pleaded himself out of court by attaching a document to his complaint showing that he is not entitled to judgment; and (3) plaintiff's request for relief is not authorized by Title VII or the ADEA. I will address these arguments in turn.

**1.    Adequacy of complaint**

Defendant assumes, and plaintiff does not dispute, that that plaintiff's claims rely on the "indirect method" of proving discrimination first set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out a *prima facie* case for such a claim, a plaintiff must show that: (1) he was a member of the protected class; (2) he was qualified for the position; (3) he was rejected for the position; and (4) the position was given to an individual outside the protected class who was similarly situated or less qualified than he was. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010). Defendant argues that plaintiff fails to state a claim upon which relief may be granted because the complaint does not include an allegation fulfilling the fourth element, that defendant actually interviewed or gave the position to someone younger or of a different race, national origin, or religion.

However, this is more detail than is required at the pleading stage; even in the wake of United States Supreme Court cases modifying pleading standards, the Court of Appeals for the Seventh Circuit has concluded that a plaintiff bringing discrimination claims does not need to specifically plead each *McDonnell Douglas* element:

> Furthermore, the Supreme Court has made clear that the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v.*

2

>   *Sorema N.A.*, 534 U.S. 506, 511 (2002) (explaining that "we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings'") (internal quotations omitted) (brackets in original). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.*
>
>   While there is some unresolved tension between *Swierkiewicz* and the Court's later decisions in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], we have "affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085 (plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she ha[d] been subjected to adverse employment actions by Defendants on account of her gender"). Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them.

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). Plaintiff's complaint adequately alleges that defendant discriminated him based on his race, age, national origin, and religion when it refused to interview him, so there is no reason to dismiss the case based on defendant's argument.

2.  **Attachment to complaint**

Defendant next argues that plaintiff pleaded himself out of court by attaching to his complaint the "right to sue" letter from the Equal Employment Opportunity Commission containing an investigator's finding that the candidate ultimately receiving the associate dean position was actually older than plaintiff and that plaintiff was not more qualified than the successful candidate. Defendant argues that this information is contradictory to plaintiff's complaint itself and that "'[w]here an exhibit and the Complaint conflict, the exhibit

3

typically controls.'" Dkt. 11, at 3 (quoting *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007)).

In making this argument, defendant ignores other decisions making clear that not *every* fact asserted in an attachment must be taken as true. *See, e.g.*, *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006) ("By attaching the disciplinary board's decision to his complaint, Simpson assuredly did not vouch for its correctness."); *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004) (dismissal based on facts in an attachment "is proper only if the plaintiff relies upon it to form the basis for a claim or part of a claim,") (quotation omitted). Here, plaintiff clearly believes that the EEOC was incorrect when it determined that no discrimination had taken place, so it makes no sense to hold plaintiff to the facts found by the EEOC just because he attached that decision to the complaint. Plaintiff is still entitled to litigate the factual issues related to his claims at the summary judgment stage, so I will deny defendant's motion to dismiss based on this argument.

3. **Request for relief**

Finally, defendant argues that plaintiff's request for relief is not authorized by Title VII or the ADEA; the only relief plaintiff requests in his complaint is that the court "cease this college for good." Although this court may order "appropriate" equitable relief in Title VII and ADEA actions, 29 U.S.C. § 626 and 42 U.S.C. § 2000e-5(g), plaintiff's request is quite clearly beyond the scope of plausible relief for his claims. However, this is a relatively minor defect given plaintiff's pro se status and does not merit immediate dismissal, particularly given that plaintiff has responded by identifying new remedies, which I will construe as a supplement to his amended complaint. *See* Dkt. 13 at 6-7. Plaintiff again seeks

4

remedies that are implausible (the termination of various college employees and his appointment as interim president of the college) but he also requests money damages that are available under both Title VII and the ADEA. Therefore plaintiff has met his pleading burden, and I will deny defendant's motion to dismiss.

PLAINTIFF'S MOTIONS

Plaintiff has filed a somewhat difficult to understand motion containing a number of requests. Dkt. 17. First, plaintiff states that he had difficulty getting copies of certain documents related to his previous applications for jobs with defendant notarized as authentic and that "I file [sic] motion to show original letters to defense attorney during my deposition." *Id*. at 7. It is unclear exactly what plaintiff means by this, so I will deny this portion of his motion. In any case, plaintiff should be aware that documents provided during discovery are generally considered authenticated by virtue of that production. *See, e.g.*, *United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982). As the case proceeds to the summary judgment stage, plaintiff may authenticate documents submitted to the court by attaching an affidavit in which a person who has personal knowledge of what the exhibits are declares under penalty of perjury or swears under oath that the exhibits are true and correct copies of the documents they appear to be. If either party has reason to believe that a certain document is not an authentic copy of what it is purported to be, the party should file a formal motion to resolve that dispute.

Also in his motion, plaintiff asks the court to "keep the option open to shut down CVTC," Dkt. 17, at 8. As discussed above, this request is not a plausible request for relief in

this action, so I will deny his motion.

Finally, plaintiff requests to be "assigned" an attorney "on behalf [of the] federal government." *Id*. at 9. Although the court may appoint an attorney for a Title VII plaintiff under 42 U.S.C. § 2000e-5(f)(1), the court should consider the plaintiff's financial status, whether the plaintiff has made a reasonable attempt to obtain counsel, and whether the plaintiff appears competent to litigate it himself given the difficulty of the case. *See Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500–501 (7th Cir. 1986); *see also Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (unpublished).

At this point, plaintiff falls far short of making the required showing. Although plaintiff asserts that he is about to reach the end of his unemployment benefits, he does not provide a new financial affidavit explaining his income and assets. The court's previous determination of plaintiff's finances resulted in the conclusion that he did not qualify as indigent for purposes of proceeding *in forma pauperis* with this lawsuit. Without a new financial affidavit, I cannot determine whether it would be appropriate to appoint counsel for plaintiff.

Nor does plaintiff show that he has made a reasonable attempt to obtain counsel on his own but failed. The court usually requires the plaintiff to submit three letters from lawyers who have declined to represent plaintiff in the lawsuit. Plaintiff has not submitted any such letters or otherwise suggested that he has attempted to find counsel on his own.

Finally, although I remain dubious of the merits of plaintiff's case given the materials he has submitted thus far, plaintiff has not convinced me that the case is too complicated for him to litigate on his own. At the summary judgment stage, plaintiff will need to present his

evidence that he has been discriminated against. If it becomes clear at that stage that the complexity of the case outstrips his ability to litigate it, he may renew his motion, but he will also have to show both that he cannot afford a lawyer and that he has attempted to find outside counsel to take on the case.

## MOTION TO AMEND SCHEDULE

Defendant has filed a motion to stay all further deadlines in the preliminary pretrial conference order pending resolution of its motion to dismiss. Although I deny the motion to dismiss in this order, I understand defendant's motion to be asking for some additional time regarding upcoming deadlines, which I will grant by resetting some of the pretrial deadlines. There is no need to alter the discovery cutoff date, the trial date, or accompanying final pretrial submission deadlines. The remainder of the schedule is set as follows:

- Disclosure of defendant's expert witnesses: February 13, 2015
- Deadline for filing dispositive motions: February 27, 2015
- Discovery cutoff: July 24, 2015
- Final pretrial submissions and disclosures: July 31, 2015
- Responses to those submissions: August 14, 2015
- Final pretrial conference: August 26, 2015 at 4:00 p.m.
- Trial: August 31, 2015 at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Defendant Chippewa Valley Technical College's motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), Dkt. 11, is DENIED.

2. Plaintiff Iftikhar Ahmed Memon's motion regarding authentication of documents, Dkt. 17, is DENIED.

3. Plaintiff's motion to "keep the option open to shut down CVTC," Dkt. 17, is DENIED.

4. Plaintiff's motion for appointment of counsel, Dkt. 17, is DENIED without prejudice to his renewing his request if he can meet the criteria discussed in the opinion above.

5. Defendant's motion to amend the schedule, Dkt. 18, is GRANTED; the remainder of the schedule is set as discussed above.

Entered February 6, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge